UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                   Case No. 11-20052
                                                                                 Honorable Denise Page Hood

MEHRAN JAVIDAN et al.

       Defendants.

_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on the Defendant's Motion for Additional Discovery **[Docket No. 31, filed October 13, 2011]** and Motion to Compel Retention of all Investigating Agents' Rough Notes and to Produce Handwritten Notes of Any Statement Made by Defendant to any Government Agent **[Docket No. 32, filed October 13, 2011]**.

**II.   MOTION FOR ADDITIONAL DISCOVERY**

      **A.    Patients who have received kickbacks**

Defendant argues that she is entitled to disclosure of the names of patients who have received and the intermediaries that paid kickbacks. Defendant believes that she is entitled to such information for impeachment purposes. Defendant claims that, given the volume of evidence, the discovery of this information would be impossible if the Government is only required to make the evidence available. Defendant believes that such information must be disclosed upon request. The Government agrees that if an interviewed patient admits to receiving

kickbacks, this information will be noted in the interview report and given to Defendant. Defendant's request for information on patient kickbacks is therefore deemed MOOT.

**B.     Copies of claims submitted by Defendant to Medicare**

Defendant argues that the alleged false claims are essential to her defense and the Government is required to disclose them under Fed.R.Civ.P. 16(a)(E). The Government contends that this information has already been disclosed and is already in Defendant's possession. The Government asserts that it has already made available the Medicare claims information and bank records. However, if there is additional data that the Government intends to use at trial, it will provide that information in preliminary exhibits. The Government, however, intends to use only the information that is already in Defendant's possession.

The Court agrees with the Government. This information has already been made available to Defendant and is in her possession. The Court finds that Defendant's request for copies of submitted Medicare claims is DENIED.

**C.     The Government's witness lists**

Defendant requests that the Court compel the Government to disclose its witness lists. Defendant claims that such information will allow her to prepare an effective defense. The Government argues that it has no duty to disclose such information before trial and intends to inform Defendant of the names of prospective witnesses as trial approaches. The Government further asserts that the identity of Government witnesses should be obvious from the materials provided to Defendant. The Government asks that this Court compel reciprocal discovery of witnesses that the Defendant intends to call.

At the November 28, 2011 hearing, the parties agreed to exchange witness lists two (2) weeks prior to trial. The Court finds that Defendant and Government's request for witness lists are GRANTED.

### D. Impeachment and consideration evidence

Defendant requests that the Government is compelled to disclose all consideration or promises given to a witness, all threats or coercion against a witness, all prior felonies and juvenile adjudications, and other prior bad acts of a witness. Regarding consideration and threats, Defendant is particularly interested in information relating to alleged co-conspirator Muhammad Shahab's wife. The Government notes that there were no promises or threats made to Shahab's wife. The Government indicates it will produce any *Brady* material in a timely matter, but is unaware of any at this time. The Government does take objection to paragraph seven of Defendant's motion which requests all other information that could be "arguably" helpful to the defense or that could lead to information that may be material to guilt or punishment.

The Government has an obligation to disclose information that is both favorable to the defendant and material to guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (citing *United States v. Agurs*, 427 U.S. 97, 96; *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). However, this obligation does not give "the defense a general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies that any such material is exculpatory and material under Brady." *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). Defendant's request for all records or information that "arguably could be helpful" or "arguably could lead" to such information is too broad. The Government has indicated its continuing obligation to provide *Brady* materials and that no such information exists at this time. Accordingly, the Court finds the Defendant's request is DENIED.

### E.  Other acts evidence

Defendants also request any "other acts" information the Government intends to use at trial. The Government indicates that, at this time, it does not intend to use any other acts evidence for Defendant Javidan and that other acts information was provided to Defendant Meda in the companion case *United States v. Mallory* et al., Case No. 10-20014. The Court finds Defendant's request for other acts information is DENIED without prejudice. However, if the Government does change its position and intends to use such information, it must disclose the information in accordance with Fed.R.Evid. 404(b).

### F.  Grand jury testimony

Defendant requests that the Government disclose any grand jury testimony given by a witness. The Government indicates that there are no grand jury transcripts to present because no fact witness has been presented to a grand jury. The Government argues that even if this material existed it would be subject to the Jencks Act, 18 U.S.C. § 3500; the Government would not be required to present such evidence.

The Jencks Act does not require the Government to disclose any witness statement "until [the] witness has testified on direct examination in the trial of the case." 18 U.S.C.A. § 3500(a). The Sixth Circuit has held that the "government may not be compelled to disclose Jencks Act material before trial." *Presser*, 844 F.2d at 1283. The Jencks Act defines a "statement," in relevant part, as "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500(e)(3). The Jencks Act would not require the Government to disclose any statement prior to trial. However, given that the Government has not presented any fact witness to a grand jury, the Court finds Defendant's request for grand jury testimony MOOT.

### III. Motion to Compel Retention of Rough Notes

Defendant requests that the Government be required to retain all investigating agents' rough notes from all FBI and HHS agents and further requests production of any handwritten notes of Defendant's own statements. The Government indicates that it is preserving all rough notes but argues that such notes are not discoverable under the Jencks Act. Specifically, the Government contends that the notes are not Jencks material or, in the alternative, are not discoverable until the witness has testified at trial. The Government further notes that Defendant Meda was the only defendant to make a statement to agents and those rough notes were produced.

Although the Government has no obligation to produce rough notes at this time, the Court finds that all rough notes should be retained. *See United States v. Lujan*, 530 F.Supp.2d 1224, 1265 (D.N.M. 2008) (citing *United States v. Sullivan*, 919 F.2d 1403, 1426-27 (10th Cir. 1990); *United States v. Pissello*, 877 F.2d 762, 768 (9th Cir. 1989)). The Government has already produced rough notes for Defendant Meda. The Court finds his request for production of rough notes MOOT. As to Defendant Javidan, the Court GRANTS IN PART her motion. The Government indicated that Defendant Javidan did not make any statements to an agent. However, the Court requires the Government to continue to retain any rough notes and to bring them to trial.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Additional Discovery **[Docket No. 31, filed October 13, 2011]** is **GRANTED IN PART** as stated in this opinion.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Retention of all Investigating Agents' Rough Notes and to Produce Handwritten Notes of Any Statement Made by Defendant to any Government Agent **[Docket No. 32, filed October 13, 2011]** is **GRANTED IN PART** consistent with this opinion.

Dated:  December 27, 2011          s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Tuesday, December 27, 2011, by electronic and/or ordinary mail.

                                   s/Julie Owens
                                   Case Manager