# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        CASE NO. 11-20052
                                             HON. DENISE PAGE HOOD

v.

MEHRAN JAVIDAN,

                Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [#243]

This matter is before the Court on Defendant Mehran Javidan's ("Javidan") *pro se* Motion for Reduction of Sentence filed on August 24, 2017. (Doc # 243) On September 27, 2017, the Government filed a Response to Defendant's present Motion, declining to seek a reduced sentence. (Doc # 247) Javidan filed a Reply on October 30, 2017. (Doc # 252) For the reasons set forth below, Javidan's Motion for Reduction of her Sentence is **DENIED**.

### I. ANALYSIS

Javidan's Motion is a motion for a Reduction of Sentence pursuant to 18 U.S.C § 3582(c)(2). Upon motion of the Defendant, and after reviewing the factors set forth in 18 U.S.C. § 3553(a), the court has the power to modify an imposed sentence when the sentence has been subsequently lowered by the Sentencing

1

Commission under 28 U.S.C. 994(o). 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 825–26 (2010) (explaining 18 U.S.C § 3582(c)(2) provides the courts with the power to reduce otherwise final sentences for a "limited class of prisoners—namely, those whose sentence[s] [were] based on a sentencing range subsequently lowered by the Commission"). A party may file a motion to correct or reduce a sentence pursuant to Federal Rules of Criminal Procedure Rule 35, which provides that "the court may correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days after sentencing." Fed. R. Crim. P. 35(a).

### A. Javidan's Arguments Fail Under Rule 35(a) and (b)

Javidan has failed to show grounds for granting relief under Rule 35 for two reasons. First, Javidan's argument cannot be considered under Rule 35(a) since she has not provided evidence showing that this Court clearly erred in imposing her sentence within fourteen days after sentencing. This Court does not have jurisdiction to reduce Javidan's sentence under Rule 35(a) because "the district court must correct the sentence within the time limitation imposed." *United States v. Hall*, 661 F.3d 320 (6th Cir. 2011) (citing *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006)); *United States v. Edkins*, No. 1:05-cr-151, 2013 WL 504243, at *1 (W.D. Mich. Feb. 12, 2013) ("[T]his Court, at this late date, lacks jurisdiction to modify Defendant's sentence."). Second, Javidan has not demonstrated that a reduction in

sentence is warranted under the substantial assistance provisions of Rule 35(b), and the Government has not moved for a reduction. Rule 35(b) is inapplicable to the present Motion.

### B. *Holloway* is Inapplicable

Relying solely on *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), Javidan argues that the United States Attorney's Office "has the power to walk in a courtroom and ask for justice, even people whom the government presume[s] to be guilty," and requests that the prosecutor move to reduce her current sentence. (Doc # 243, Pg. 1) Javidan contends that the *Holloway* decision establishes a basis for this Court to consider various factors—such as her limited infractions while incarcerated, statements made during the Sentencing Hearing, a revision in the "money table," her low probability of recidivism, and her familial support, among other things—in exercising its discretion to reduce her sentence. (*Id.*, at 1–5) Javidan's argument regarding the "money table" lacks merit because the loss table in Section 2B1.1 of the Sentencing Guidelines was amended in 2015, but the modifications to the loss table were to account for inflationary changes and were not made retroactive.[1]

Javidan's reliance on *Holloway* is unpersuasive because the present case can be distinguished from *Holloway* for a number of reasons. First, unlike *Holloway*,

---

[1] See Historical Notes of the 2015 Amendments to U.S.S.G. § 2B1.1.

the procedural posture of this case does not expose Javidan to a "trial penalty." Second, the sentence imposed on Javidan is 65 months, a far cry from the 57-year sentence imposed on the defendant in *Holloway*. Third, the *Holloway* court imposed a sentence that was decades longer than the petitioner's Sentencing Guidelines Range, while Javidan's sentence falls below the Guidelines Range. Fourth, Javidan's 65-month sentence for her conviction on Counts I, II, IV, and V were imposed concurrently, not consecutively, with the 60-month sentence on Counts VII, IX, X, and XI. Fifth, this case does not raise concerns similar to those expressed in *Holloway*, such as racial minorities being disproportionately subject to the "stacking" of Section 924(c) counts. Judge John Gleeson, the presiding judge in *Holloway*, noted, "[t]here are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." *Holloway*, 68 F. Supp. 3d at 316–17. This Court finds Javidan's reliance on *Holloway* unavailing.

## II. CONCLUSION

For the reasons set forth above, and because granting the Defendant's Motion for a Reduction in Sentence would be inconsistent with the purposes of the criminal law, including just punishment and deterrence,

**IT IS HEREBY ORDERED** that Defendant Mehran Javidan's Motion for Reduction of Sentence (Doc # 243) is **DENIED**.

                      S/Denise Page Hood
                      Denise Page Hood
                      Chief Judge, United States District Court

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2018, by electronic and/or ordinary mail.

                      S/LaShawn R. Saulsberry
                      Case Manager